IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIE KAYE CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv212-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Plaintiff Marie Kaye Crawford (Crawford) applied for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) (the Act), alleging she suffered from a disability. Crawford's application was denied at the initial administrative level. Crawford then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #8). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ISSUES

#### A.  *Introduction*

Crawford was thirty-nine years old and had at least a high school education at the time of the hearing before the ALJ. (Tr. 27). Crawford's prior work experience included

employment as an industrial housekeeper (unskilled, heavy); nurses assistant (semi-skilled, medium); laborer (unskilled, medium) and wire harness assembler (semi-skilled, light). (Tr. 27).

Employing the five-step process, the ALJ found Crawford had not engaged in substantial gainful activity at any time relevant to the decision (Step 1). (Tr. 21). At Step 2, the ALJ found Crawford suffered from the following severe impairments: hypertension, insulin-dependent diabetes mellitus, degenerative joint disease of the left knee, degenerative disc disease of the lumbosacral spine, major depression with psychotic features, and diabetic peripheral neuropathy. *Id*. Nonetheless, the ALJ found Crawford did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3). (Tr. 23). At Step 4, the ALJ determined Crawford did not possess the residual functional capacity (RFC) to perform any past relevant work. (Tr. 27).

At Step Five, the ALJ evaluated Crawford's RFC, age, education, and work experience, as well as testimony from a vocational expert (VE) regarding the availability in significant numbers, of other work Crawford could perform in the national economy. Upon consideration of this evidence, the ALJ determined Crawford possessed the RFC to perform jobs that exist in significant numbers in the national economy. (Tr. 27). Consequently, the ALJ found Crawford was not disabled within the meaning of the Act. (Tr. 28).

### B.     *Claims*

Crawford presents one issue for this Court to consider:  Whether the ALJ properly considered the medical evidence.

## IV.   DISCUSSION

Crawford specifically argues that the ALJ erred by failing to afford proper weight to consulting psychiatrist Dr. Demuth's opinion and instead relied on non-examining sources. The Commissioner argues the ALJ properly disregarded Dr. Demuth's conclusions as they were inconsistent with his own report and were based on Crawford's subjective complaints that were not credible.

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985) (quotation marks and citation omitted); *see also* 20 C.F.R. § 404.1527(b) ("[The ALJ] will always consider the medical opinions in [the] case record together with the rest of the relevant evidence ... receive[d]."). Here, the ALJ did not err in assigning minimal weight to the medical opinion of Dr. Demuth because he found, after reviewing the entire record, that the opinion was not supported by the evidence. *See Wilkinson v. Comm'r of Social Sec.,* 289 Fed. App'x 384, 386 (11th Cir. 2008) (finding no error where ALJ rejected examining physician's opinion in favor of non-examining physicians' opinions).

Dr. Demuth opined that Crawford had moderate to severe impairments in her ability

6

to understand, remember, and carry out instructions and to respond appropriately to supervision, coworkers, and work pressures. (Tr. 123). In his opinion, the ALJ specifically stated that Dr. Demuth's "report faile[ed] to reveal the type of significant clinical and laboratory abnormalities one would expect if [Crawford] were in fact so limited, and the doctor did not specifically address this weakness." (Tr. 26-27). The ALJ also pointed to the fact that Dr. Demuth "relied quite heavily on the subjective report of symptoms and limitations provided by [Crawford]," which the ALJ determined to be unreliable.[5] Indeed, Dr. Demuth's report indicated that Crawford was oriented, demonstrated a logical stream of thought, her memory was fair, and her judgment and decision making were only slightly impaired. *Id*. The reported details of Dr. Demuth's examination of Crawford regarding her memory and mental capacities did not match his final conclusions.[6]

Further, the ALJ did not give undue weight to the opinions of the non-examining state agency physicians because he did not rely solely on those opinions. *Wilkinson*, 289 Fed. App'x at 386; *see also Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir.1985) (holding that, "taken alone," the opinions of non-examining physicians "do not constitute substantial

---

[5] Crawford does not challenge the ALJ's determination that her subjective complaint testimony was unreliable.

[6] According to Dr. Demuth's records, Crawford was able to: complete serial four additions; calculate multiplications; solve word problems; identify similarities and differences between different objects; knew what to do in case of a fire or if she found a stamped envelope; give details about the current news and identify the President and preceding Presidents, large cities, and famous people; give a detailed description of her trip to the examination and describe what she had done in the prior twenty-four hours. (Tr. 122-23).

evidence on which to base an administrative decision"). The ALJ considered the opinions of other treating, examining,[7] and non-examining physicians, treatment notes, and Crawford's own testimony.[8] Substantial evidence in the record supports the ALJ's determination in this case.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes the ALJ's non-disability determination and denial of benefits is supported by substantial evidence. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment is entered herewith.

DONE this 20th day of April, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[7] Examining physician Dr. Colley assessed that Crawford could perform a range of work at the light exertional level. (Tr. 28).

[8] Crawford also argued that the ALJ should have discussed treating physician Dr. Howell's narrative report in his opinion. However, the "ALJ was not required to list in detail every bit of evidence he relied on to reach [his] decision." *Wilkinson*, 289 Fed. App'x at 386, (*citing Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision")). The Commissioner is correct that Dr. Howell's narrative report does not "challenge Dr. James Colley's findings that [Crawford] was capable of light work." (Doc. #15 at 5). Further, Crawford concedes that the narrative report does not "specifically cit[e] a complete inability to work." (Doc. #12 at 10). It is clear from the ALJ's opinion that he considered Dr. Howell's opinion in making the RFC determination and the RFC determination was not inconsistent with Dr. Howell's treatment notes.